UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JULIA HOLLOWAY
        Plaintiff,

v.                                                                                          CASE NO. 3:14-cv-1661 (VAB)

DOLLAR TREE DISTRIBUTION, INC.
        Defendant.

## RULING ON DEFENDANT'S MOTION TO COMPEL AND MOTION FOR SANCTIONS

Plaintiff, Julia Holloway, filed a Complaint against her former employer, Defendant, Dollar Tree Distribution, Inc. ("Dollar Tree"), challenging conditions of her employment and the circumstances of her termination. Am. Compl., ECF No. 14. According to her Complaint, Ms. Holloway was employed by Dollar Tree as a receiving file clerk from April 2013 to July 9, 2014. *Id.* ¶¶ 6, 8-9. Ms. Holloway alleges that Dollar Tree violated the Fair Labor Standards Act, 29 U.S.C. § 215 *et seq.*, the Family Medical Leave Act, 29 U.S.C. §2612 *et seq.*, and Connecticut's whistleblower statute, Conn. Gen. Stat. § 31-51m. She also alleges that Dollar Tree improperly retaliated against her for seeking FMLA leave and "light duty" after being injured in a car accident, as well as for filing complaints about her wages and hours and about discriminatory conduct in the workplace. Am. Compl. ¶¶ 32-56, 67, ECF No. 14.

Since the lawsuit's inception, the parties have been embroiled in a number of discovery disputes—largely due to Plaintiff's counsel failure to give due attention to this case—which resulted in the submission of the two motions and non-docketed letter that are currently before the Court. Defendant filed a Motion to Compel, ECF No. 42, seeking to compel a response to its

Interrogatories and Document Requests served on January 12, 2015.[1]  Defendant also filed a Motion for Sanctions, ECF No. 43, asking that the case be dismissed with prejudice, because Ms. Holloway failed to appear at her deposition, after proper notice was sent to her counsel.  Finally, Defendant sent the Court an un-docketed letter dated May 26, 2015, noting deficiencies in Ms. Holloway's responses to the January 12 Interrogatories and Document Requests and asking the Court to resolve the disputed issues.

The Court held a telephonic status conference on June 3, 2015, during which the parties discussed these discovery disputes.  Minute Entry, ECF No. 61.  On the call, the Court indicated it was inclined to allow the parties to file additional briefing.  However, upon further reflection, immediate and clear guidance on the outstanding issues is more appropriate, so that discovery may proceed as expeditiously and promptly as possible and without further interruption or delay.

This Court "has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citation omitted).  This discretion also extends to "fashioning appropriate sanctions for discovery misconduct" in accordance with Federal Rule of Civil Procedure 37.  *Iron Workers Local 12 Pension Fund v. Catskill Mountain Mech. LLC*, Civ. No. 07-CV-437 (LEK/RFT), 2008 WL 3413904, at *3 (N.D.N.Y. Aug. 8, 2008) (citation omitted).  Under Rule 26, the Court must limit the extent of discovery sought if "the burden of expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii); *Chen-Oster v. Goldman, Sachs & Co.*,

---

[1] Under Rules 33 and 34, responses were due thirty days after the requests were served, unless the Plaintiff asked the Court for an extension before the deadline elapsed.  Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (document requests). Ms. Holloway did not make any request for an extension on this deadline nor did she respond to the request within the thirty-day period prescribed by the Federal Rules of Civil Procedure.

285 F.R.D. 294, 303 (S.D.N.Y. 2012) ("Rule 26(b)(2)(C)(iii) provide[s] courts significant flexibility and discretion to assess the circumstances of the case and limit discovery accordingly to ensure that the scope and duration of discovery is reasonably proportional to the value of the requested information, the needs of the case, and the parties' resources.") (citation omitted).

For the reasons that follow, the Motion to Compel and the Motion for Sanctions are both **DENIED IN PART** and **GRANTED IN PART**. In addition, under Rule 26 and in accordance with its authority to manage discovery, the Court will narrow some of Defendant's January 12 Interrogatories and Document Requests, as described in greater detail below.

## Defendant's Motion to Compel

In its Motion to Compel, Defendant asks the Court to (1) order the Plaintiff to respond to its January 12 Interrogatories and Document Requests; (2) issue a finding that Plaintiff waived any and all objections because she did not respond or request an extension within 30 days of being served with the discovery requests; and (3) award costs to the Defendant in making the motion under Rule 37(a)(5). Def.'s Mot. to Compel, ECF No. 42.

The first request, for an order compelling the Plaintiff to respond, is denied as moot, because Ms. Holloway provided responses and documents to Dollar Tree on April 13, 2015. Def.'s Reply Br. 1-2, ECF No. 51. The Court also agrees with Defendant's counsel that because Plaintiff responded to the Interrogatories and Document Requests late, without seeking an extension from the Court, she has waived any objections unless good cause can be shown for the delay. *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 238 F.R.D. 536, 537-38 (D. Conn. 2006) ("[U]nless the court, for good cause, excuses the failure… [a] party who fails to file timely objections waives all objections.") (citations omitted).[2] With respect to all of the January

---

[2] Rule 33 provides that when responding to interrogatories, "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). While Rule 34 (governing document

3

12 Requests and Interrogatories not specifically mentioned in this Order, the Court finds there is no "good cause" to excuse Plaintiff's failure to respond on time, because her counsel has not provided a reasonable justification for the delay. *See id.* at 538; *cf. Melendez v. Greiner*, No. 01 Civ. 07888 SAS DF, 2003 U.S. Dist LEXIS 19084, at *2 (S.D.N.Y. Oct. 23, 2003) (finding no waiver despite late objections to discovery requests, where the late response could have been based on a "good faith" interpretation of the Court's earlier rulings).

However, "at times good cause to excuse untimely objections can be found simply from the nature of the discovery requests." *See Horace Mann Ins. Co.*, 238 F.R.D. at 539 (noting that a court may excuse for good cause a party's late objections if the discovery sought is overbroad) (citing *Byrd v. Reno*, No. CIV.A96-2375CKKJMF, 1998 WL 429676, at *16-17 (D.D.C. Feb. 12, 1998)). Moreover, Ms. Holloway's waiver of her objections does not otherwise excuse this Court from its obligation to manage discovery in this case, as discussed above, including limiting its scope as appropriate. *See Kannday v. Ball*, 292 F.R.D. 640, 644 (D. Kan. 2013) (noting that even if objections have been waived, "[i]f [ ] the discovery request seeks information that does not appear facially relevant, the burden is on the movant to demonstrate how the request is not objectionable."); *Stone v. Zimmer*, No. 09-CIV-80252, 2009 WL 9567924 (S.D. Fla. Dec. 4, 2009) (concluding that untimely objections were waived, but narrowing the scope of the discovery requests). Thus, Dollar Tree cannot rely on the tardiness of Ms. Holloway's objections alone to justify its discovery requests. It must still show how these requests are reasonably calculated to lead to the discovery of admissible evidence, without undue burden.

Under Rule 26(b)(2)(C)(iii), the Court finds that Interrogatory Numbers 2, 3, 7, 8, and 9 as well as Document Request Numbers 24 and 32 are overbroad and unduly burdensome and

---

requests) does not contain a similar provision regarding waiver, "courts have reasoned that a Rule 33(b)(4) type waiver should be implied into all rules involving the use of the various discovery mechanisms." *Horace Mann Ins. Co.,* 238 F.R.D. at 538 (citations omitted).

limits them as explained below.  If at any time, Dollar Tree shows that additional discovery is necessary for an adequate and proper defense of this action on any of the requests the Court has limited today, the Court will consider allowing additional discovery and, if appropriate, will also allow additional deposition time of the Plaintiff, with questioning limited to the new information obtained in this additional discovery.  Ms. Holloway shall provide full and complete responses as soon as possible to all of Dollar Tree's January 12 Interrogatories and Document Requests that are not mentioned in this Order.

Interrogatory Number 2 asks Ms. Holloway to "[i]dentify all e-mail addresses and phone numbers" and "corresponding internet, cellular and telephone service providers" she has used in the past five years.  Notably, this five-year period is more than twice as long as Ms. Holloway worked for Dollar Tree.  The Court finds that the five-year time frame of this request seeks information of limited relevance to this lawsuit.  Ms. Holloway's response to this request shall be limited from her first date of employment at Dollar Tree to the present.

Interrogatory Number 3 asks Ms. Holloway to describe details about her employment history for the past ten years, "including, but not limited to, the name and address of the employer, name of your immediate supervisor, inclusive dates of employment, nature of employment, rate of pay, and the reason(s) for the termination of your employment."  Again, the information sought is for a time period several times longer than the time period Ms. Holloway worked for Dollar Tree.  Ms. Holloway's response shall be limited to the three years, prior to the filing of this lawsuit.

Interrogatories Numbers 7, 8, and 9 asks Ms. Holloway for details about her medical history for the past ten years, including a list of all doctors and health care providers she has seen "for any reason" and a list and description of medications she has taken.  While Ms. Holloway

5

does place her emotional state at issue in her Complaint, she only does so as it relates to her employment by and termination from Dollar Tree. The Court will, therefore, limit Ms. Holloway's response to three years prior to the filing of this lawsuit and limit the discovery only to medical conditions at issue in this lawsuit, namely anything related to the car accident which prompted her request for FMLA leave and connected to her request for emotional distress damages in this lawsuit.

Document Request Number 24 asks for all documents relating to any civil, criminal, bankruptcy, or administrative proceeding in which Ms. Holloway has been involved at any time during her life. The Court finds that the breadth of this request is not sufficiently justified in light of the amount in controversy and the significance of this discovery to the current issues, as the Court understands them. Thus, Ms. Holloway's response to this request shall be limited to the three years prior to the filing of this lawsuit.

Document Request Number 32 asks that Ms. Holloway produce signed authorization forms for the release of "medical records; employment records; tax returns; state unemployment compensation records; worker's compensation records; and social security documentation" from her entire life without any limitation on time or subject matter. Again, the Court finds this request to be overly broad and limits the scope of any waivers Ms. Holloway may provide to the three years prior to the filing of this lawsuit.

With respect to costs, the Court declines to award the Defendant its costs of filing the Motion to Compel. Under Rule 37(a)(5), the Court must award the movant's "reasonable expenses incurred in making the motion, including attorney's fees" against the party, lawyer or both, unless (1) the "movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) the opposing party's nondisclosure was

"substantially justified;" or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).  The Court finds that an award of expenses would be unjust because the Defendant failed to follow the Court's Chamber Practices available on its website that unequivocally indicate that "[m]otions to resolve discovery disputes cannot be filed unless first discussed with Judge Bolden."  Judge Bolden's Pretrial Preferences, http://www.ctd.uscourts.gov/content/victor-bolden.[3]  If the Defendant had followed this Court's preferences, the filing likely would have been unnecessary, making the awarding of costs particularly inappropriate in this instance.

## Defendant's Motion for Sanctions

Defendant filed a Motion for Sanctions, citing Ms. Holloway's numerous failings in promptly and completely participating in discovery, including her failure to appear at her own deposition, which her counsel admits was duly and properly noticed.  Opp. to Mot. for Sanctions 1, ECF No. 51.  The Motion seeks dismissal of Plaintiff's case in its entirety with prejudice, or in the alternative (1) an Order requiring the Plaintiff to appear at her deposition at a date and time of the Defendant's choosing; (2) an Order warning Plaintiff her lawsuit will be dismissed if she does not attend her deposition; (3) a stay of Plaintiff's ability to conduct discovery until the deposition; and (4) costs incurred by the Defendant's counsel in connection with Ms. Holloway's failure to appear for her deposition under Rule 37(d).  Mot. for Sanctions, ECF No. 43.

The Court takes very seriously Ms. Holloway's obligation to attend her deposition and her failure to meet that obligation.  The Court orders Ms. Holloway to attend her deposition at a date of Defendant's choosing, which during the June 3 telephone call with the Court was July 1, 2015.  If she fails to attend this deposition, the Court will consider imposing any of the more

---

[3] The Court last accessed this website on June 3, 2015.  While the Court made changes to its Chambers practices on discovery disputes after Defendant filed its Motion to Compel, providing more detail on proper procedures, the quoted sentence has been on the website since the Court began taking cases in January 2015.

serious sanctions listed in Rule 37(b)(2)(A)(i)-(vi), including dismissal of the action in whole or in part under Rule 41(b).  Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 41(b).  The Court will not dismiss the case at this time and will not stay discovery.

Finally, under Rule 37(d)(3), in addition to the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), the Court must require the party failing to act, his or her attorney, or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).  The Court will award "reasonable expenses" incurred by the Defendant, which at this time the Court believes should not exceed $3,000, for attending the deposition that Ms. Holloway missed.[4]    As Ms. Holloway's failure to appear is due to the failure of her counsel to notify her, these "reasonable expenses" will be paid by Plaintiff's counsel.

## Conclusion

For all of the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendant's Motion to Compel, ECF No. 42, and Motion for Sanctions, ECF No. 43.  The Court also orders Ms. Holloway to attend her deposition on July 1, 2015, or at another time mutually agreed upon by the parties.  If she fails to attend the deposition, the Court will consider

---

[4] Based on Defendant's submission, reasonable expenses include the cost of out-of-state counsel traveling to Stamford, Connecticut from Boston, Massachusetts and Chesapeake, Virginia for this deposition as well as other such expenses caused by the failure of Ms. Holloway to appear for her deposition.  It is not reasonable to presume that the costs of deposition preparation time should be included because any time used still will be useful for Ms. Holloway's July 1 deposition.  *See Argo Marine Sys., Inc. v. Camar Corp.*, 102 F.R.D. 280, 285 (S.D.N.Y. 1984) ("[T]he Court must make a careful determination, based upon its knowledge and experience of the litigation process, of the additional expenses incurred by defendant as a direct result of such noncompliance as is found.").  The Court's Order is not without prejudice to Plaintiff's counsel objecting to the reasonableness of the amount awarded and requiring Defendant's counsel to submit "competent evidence" of the fees and expenses.  *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 151 (S.D.N.Y. 2014) (citing *Mackler Prods., Inc. v. Cohen*, 225 F.3d 136, 146 (2d Cir. 2000).

8

harsher sanctions under Rule 37(b)(2)(A)(i)-(vi), which may include dismissal of the case with prejudice in whole or in part.

**SO ORDERED** this 8th day of June 2015, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge