UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JULIA HOLLOWAY
        Plaintiff,

v.                                        CASE NO. 3:14-cv-1661 (VAB)

DOLLAR TREE DISTRIBUTION, INC.
        Defendant.

## RULING ON PLAINTIFF'S MOTION FOR LEAVE
## TO FILE AN OUT OF TIME OBJECTION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Julia Holloway, missed the deadline for responding to Defendant's Motion to Dismiss filed on December 24, 2014, ECF No. 17.  Plaintiff asks this Court to accept her late objection, filed over one month after the deadline elapsed.  Mot. for Leave to File Out of Time Objection, ECF No. 37.  Because Plaintiff's counsel has failed to show that he missed the deadline due to excusable neglect, the Court **DENIES** the motion and will not consider the filing.  However, the Court will allow Plaintiff to present objections and arguments at the hearing on the Motion to Dismiss scheduled for July 22, 2015, ECF No. 62.[1]

Plaintiff's current counsel explains in his Motion that at the time the Defendant's Motion to Dismiss was filed, another lawyer at his law firm was the only attorney of record in the case representing the Plaintiff.  Mot. for Permission to File Out of Time Objection 1, ECF No. 37. When that lawyer chose to leave the firm, the current counsel took over the case and filed a notice of appearance on January 5, 2015.  Notice of Appearance, ECF No. 31.  When the initial lawyer passed the case over to the current one, he told him that the Court had granted a thirty-day extension of time in which to respond to the Motion to Dismiss and that the due date for a

---

[1] The Court cannot grant the motion as unopposed but must review the Motion to Dismiss on the merits.  *See Goldberg v. Danaher*, 599 F.3d 181, 183-84 (2d Cir. 2010) (overruling a district court's dismissal of a case without examining the merits because the motion to dismiss was unopposed and noting that D. Conn. L. Civ. R. 7(a)(1) requires the Court to substantively address an unopposed motion to dismiss).

1

response was February 22, 2015.  Mot. for Permission to File out of Time Objection 1-2, ECF No. 37.  Defendant filed an opposition to the motion, ECF No. 39, and Plaintiff filed no reply.

This late objection to the Motion to Dismiss is also not the only instance of Plaintiff's counsel's failure to make timely filings and responses to discovery in this case.  He has failed to respond to Defendant's Document Requests and Interrogatories in a timely manner.  He also failed to make his client available for her deposition, which she missed, and even missed a recent deadline the Court set for responding to Defendant's un-docketed letter about a discovery dispute.[2]

When a party misses a deadline without requesting an extension, the Court may only extend such deadline and accept the late filing if the party shows that the delay was caused by "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Whether excusable neglect exists is a determination made at the district court's discretion.  *Ford v. New York City Transit Auth.*, 43 F. App'x 445, 449 (2d Cir. 2002) (upholding the district court's refusal to accept a late filing under Rule 6 because counsel's explanation did not address why he could not have requested an extension before the deadline passed); *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (affirming a district court's rejection of a late filing).

Neglect may be a mistake on the part of counsel, but the inquiry into whether the neglect was "excusable" is an "equitable inquiry" taking into account the following four factors: "(1) the danger of prejudice to the [other party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."  *Falls v. Novartis Pharms. Corp.*, No. 3:13cv270 (JBA), 2014 U.S. Dist. LEXIS 105950, at *7-8 (Aug. 1, 2014) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  The

---

[2] These issues are addressed in a separate Order, ECF No. 65, issued today, June 8, 2015.

Second Circuit has focused on the third factor as critical in the analysis.  *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003).

Plaintiff's counsel's only excuse is that, relying on another lawyer, he made a mistake about the deadline.  This mistake, without more, does not constitute excusable neglect.  The Second Circuit has specifically noted that "absent extraordinary circumstances, attorney inadvertence is not excusable neglect."  *Falls,* 2014 U.S. Dist. LEXIS 105950, at *12 (quoting *In re Johns-Manville Corp.*, 476 F.3d 118, 124 (2d Cir. 2007)) (collecting cases where attorney neglect alone did not constitute "excusable neglect"); *see also Gadsden v. Jones Lang Lasalle Americas, Inc.*, 210 F.Supp.2d 430, 436-37 (S.D.N.Y. 2002).  In addition, Plaintiff's counsel filed a notice of appearance in the case before the response to the Motion to Dismiss was due and could easily have checked the docket at that time to verify the deadline.  *El v. Potter*, No. 01 CIV. 6125 (RWS), 2005 WL 646346, at *3 (S.D.N.Y. Mar. 18, 2005) ("[I]t is axiomatic that every party has an ongoing obligation to monitor the docket and to remain informed as to its contents.") (citations omitted).  His failure to do so was unreasonable and inexcusable.  *See Gadsden*, 210 F.Supp.2d at 436-37; *Ojomo v. KRA Corp.*, No. 3:03-CV-0907, 2005 WL 1176569, at *3 (N.D.N.Y. May 11, 2005) (attorney inadvertence that resulted in missing a response deadline marked on the docket did not constitute "excusable neglect").  Accordingly, even if the first, second, and last factors weigh slightly in the Plaintiff's favor, the third factor weighs heavily against the her, and the Court must deny the motion and not consider the late objection to the Motion to Dismiss.

**SO ORDERED** this 8th day of June 2015, at Bridgeport, Connecticut.

/s/ Victor A. Bolden  
Victor A. Bolden  
United States District Judge

3